**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4530**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE SALAZAR MERCADO,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00300-WO-1)

_____

Submitted:  November 30, 2011        Decided:  January 12, 2012

_____

Before GREGORY, SHEDD, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Salazar Mercado pled guilty, with the benefit of a written plea agreement, to distributing fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2011), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The district court sentenced Mercado to the sixty-month mandatory minimum sentence for each offense, to be served consecutively. Mercado's attorney submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether Mercado's sentence is reasonable. Although Mercado received notice of his right to file a pro se supplemental brief, he did not do so. Because we find no meritorious grounds for appeal, we affirm the district court's judgment.

This court reviews a sentence for reasonableness applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. Finally,

we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Because Mercado did not request a sentence different than the sentence ultimately imposed, our review is for plain error. United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010); see United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (discussing plain error standard). Here, the district court followed the necessary procedural steps in sentencing Mercado, properly calculating the Guidelines range, considering the § 3553(a) factors, and sentencing Mercado to the very sentence he requested — the mandatory minimum sentence on each count. As to substantive reasonableness, "[a] statutorily required [mandatory minimum] sentence . . . is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). Hence, we conclude that the 120-month sentence imposed by the district court was reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mercado in writing, of the right to petition the Supreme Court of the United States for further review. If Mercado requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mercado.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4